United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                                    Crim Case No. 25-20399

v.

                                    Hon. Judith E. Levy

D-1 Jaiswan Williams,
D-2 Daquan Foreman,
D-3 Vanessa Hargrove,

      Defendants,

---

### Stipulation and Order to Continue the
### Plea Cut-off and Trial Dates and Find Excludable Delay

---

The parties stipulate to continue the plea cut-off dates for approximately two weeks, from October 15, 2025, to October 29 and 30, 2025 (see ECF Nos. 29-31); and the trial date(s) for a similar period, to be determined by the Court, if necessary. The parties further stipulate, and jointly move for the Court to find, that the time period between October 15, 2025, and the plea dates scheduled on October 29/30, 2025, qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the this continuance outweigh the best interests of the public and the defendant in a speedy trial. The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The parties have negotiated Rule 11 plea agreements resolving the instant case as to all three of the above-named defendants.

- Defense counsel believe these agreements to be in their clients' respective best interests. Likewise, the defendants want to go forward consistent with the agreements and enter pleas of guilty.

- Such resolution(s), if finalized and accepted, would conserve valuable judicial and prosecutorial resources by avoiding the need for a trial as to these defendants entirely.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv).

The parties therefore request that the Court grant a continuance of the trial date, and the plea cut-off date, and further find that the delay caused by this continuance should be deemed excludable time under 18 U.S.C. § 3161(h)(7)(A) because the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

s/Ryan A. Particka

Ryan A. Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Ryan.Particka@usdoj.gov
(313) 226-9635

s/Steve Fishman (with consent)

Steve Fishman
Attorney for D-1 Jaiswan Williams

s/ Steven E. Scharg (with consent)
Steven E. Scharg
Attorney for D-2 Daquan Foreman

s/Pamella R. Szydlak (with consent)
Pamella R. Szydlak
Attorney for D-3 Vanessa Hargrove

3

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

      Plaintiff,

                                    Crim Case No. 25-20399

v.

                                    Hon. Judith E. Levy

D-1 Jaiswan Williams,
D-2 Daquan Foreman,
D-3 Vanessa Hargrove,

      Defendants,

---

## Order Continuing the
## Motion Cut-off and Trial and Finding Excludable Delay

---

The Court has considered the parties' stipulation and joint motion to continue

the trial and the plea cut-off date(s) and for a finding that the time period from

October 15, 2025, to the plea dates scheduled for October 29/30, 2025, qualifies as

excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the

reasons described in the parties' submission, and after considering the factors listed

in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the

parties' requested continuance outweigh the best interests of the public and the

defendant in a speedy trial and that the time from <u>October 28, 2025, trial date to</u>

<u>the new trial date of November 13, 2025,</u> qualifies as excludable delay under

§ 3161(h)(7). Specifically, the Court finds that:

- The parties have negotiated Rule 11 plea agreements resolving the instant case as to all three of the above-named defendants.

- Defense counsel believe these agreements to be in their clients' respective best interests. Likewise, the defendants want to go forward consistent with the agreements and enter pleas of guilty.

- Such resolution(s), if finalized and accepted, would conserve valuable judicial and prosecutorial resources by avoiding the need for a trial as to these defendants entirely.

- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv).

IT IS THEREFORE ORDERED that the trial date as to these three defendants is adjourned from October 28, 2025, to November 13, 2025, at 8:30 a.m.

IT IS FURTHER ORDERED that the time from October 28, 2025, to November 13, 2025, shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

Date: October 17, 2025

s/Judith E. Levy
United States District Judge

2