# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

JAISWAN WILLIAMS

## JUDGMENT IN A CRIMINAL CASE

Case Number: 0645 5:25-CR-20399-001

USM Number: 05334-512

Defendant's Attorney: Steven F. Fishman

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 and 2 of the Information

☐ pleaded nolo contendere to count(s) ______
which was accepted by the court.

☐ was found guilty on count(s) ______
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1349 | Conspiracy to Aid and Abet Bank and Wire Fraud, Class B Felony | 12/22/2023 | 1 |
| 18 U.S.C. §§ 1956 | Money Laundering | 10/31/2021 | 2 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______

☒ Count(s) 3 of the Information ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/2/2026
Date of Imposition of Judgment

s/Judith E. Levy
Signature of Judge

Judith E. Levy, United States District Judge
Name and Title of Judge

6/3/2026
Date

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

122 months on Counts 1 and 2, to run concurrently. The Court waives the costs of incarceration.

☒ The court makes the following recommendations to the Bureau of Prisons:
Participation in the Residential Drug and Alcohol Program (RDAP).
Placement at either FCI Gilmer or FCI Hazelton.
Participation in the Inmate Financial Responsibility Program (IFRP).

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ____________ ☐ a.m. ☐ p.m. on ____________ .

☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on ____________ .

☒ as notified by the United States Marshal, but on a date after the second week of September 2026.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on ____________ to ____________

at ____________ , with a certified copy of this judgment.

____________
UNITED STATES MARSHAL

By ____________
DEPUTY UNITED STATES MARSHAL

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: three (3) years on Counts 1 and 2, to run concurrently. The Court waives the costs of supervision.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. (check if applicable)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature ______________________________ Date ________________

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

## SPECIAL CONDITIONS OF SUPERVISION

You must not engage in any form of gambling (including, but not limited to, lotteries, online wagering, sports betting) and you must not enter any casino or other establishment where gambling is the primary purpose (e.g., horse race tracks, off-track betting establishments).

You must participate in a gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.

You must make monthly installment payments on any remaining balance of the special assessment or restitution at a rate and schedule recommended by the probation department and approved by the Court. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

You must participate in a cognitive-behavioral treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Such programs may include group sessions led by a counselor or participation in a program administered by the probation office.

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 2,793,680.78 | $ None | $ Not applicable | $ Not applicable |

☐ The determination of restitution is deferred until __________. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Victim Name | Amount of Loss |
|---|---|
| Contemporary Gynecology, PC<br>c/o Dr. Megan Nagy<br>7940 Allen Road<br>Allen Park, MI 48101 | $9,136.36 |
| Detroit Electrical Workers Local 58 IBEW<br>c/o Marcy Moulios<br>1358 Abbott Street<br>Detroit, MI 48226-2411 | $65,032.96 |
| EMSCO<br>c/o Valerie Holland<br>10181 Cedar Ridge Drive<br>Ashland, VA 23005 | $9,248.72 |
| Poway Center for the Performing Arts Foundation<br>c/o Sharlene O'Keefe<br>15498 Espola Road<br>Poway, CA 92064 | $12,062.50 |
| Stafford Farms<br>c/o Walter and Lori Stafford<br>10285 E CD Ave<br>Richland, MI 49083 | $83,830.47 |
| Swisher Commercial<br>c/o Cynthia Debot<br>180 Little Lake Drive, Suite 4<br>Ann Arbor, MI 48103 | $1,911.71 |
| Tokio Marine HCC-Public Risk Group<br>c/o Jill Daly, Esq.<br>1441 W. Long Lake Road, Suite 150<br>Troy, MI 48098 | $14,079.53 |

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

| | |
|---|---|
| Unlimited Development, Inc.<br>c/o Jennifer Erickson<br>285 S. Farnham Street<br>Galesburg, IL 61401 | $19,735.30 |
| Waco Warehouse, Inc.<br>c/o Sherry Miller<br>1215 Barnhart Road<br>P.O. Box 612<br>Troy, OH 45373 | $16,989.80 |
| Corrigan Oil<br>c/o Don Bishop<br>775 N 2nd Street, St. #1<br>Brighton, MI 48116 | $13,800.00 |
| Ypsilanti District Library<br>5577 Whittaker Road<br>Ypsilanti, MI 48197 | $35,725.74 |
| PNC Bank<br>249 Fifth Avenue<br>Pittsburg, PA 15222 | $9,249.43 |
| Navy Federal Credit Union<br>5510 Heritage Oaks Drive<br>Pensacola, FL 32526 | $11,653.94 |
| First National Bank of Pennsylvania<br>646 Washington Place<br>Mail Code 728-FRA<br>Pittsburgh, PA 15219 | $74,707.81 |
| Golden 1 Credit Union<br>8945 Cal Center Drive<br>Sacramento, CA 95826 | $34,545.28 |
| Michigan First Credit Union<br>27000 Evergreen Road<br>Lathrup Village, MI 48076 | $2,043.37 |
| Regions Bank<br>3343 Perimeter Hill Dr., Suite 300<br>Nashville, TN 37211 | $78,575.35 |
| Capital One Bank NA<br>P.O. Box 85582<br>Richmond, VA 23260 | $1,971.56 |
| Huntington National Bank<br>7 Easton Oval<br>Columbus, OH 43219 | $27,112.99 |
| Redstone Federal Credit Union<br>Reference No. 20239-318162<br>220 Wynn Drive<br>Huntsville, AL 35893-0001 | $74,689.98 |

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

| | |
|---|---|
| Fifth Third Bank<br>550 N Summit Street<br>Toledo, OH 43604 | $34,382.89 |
| U.S. Bank<br>800 Nicollet Mall<br>Minneapolis, MN 55402 | $6,381.63 |
| U.S. Department of the Treasury<br>(for funds not recovered by banks) | $585,256.46 |
| Various State Workforce Agencies<br>(owed only by Jaiswan Williams) | $1,571.557.00 |

☐ Restitution amount ordered pursuant to plea agreement $ ____________________

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☒ the interest requirement is waived for ☐ fine ☒ restitution.

☐ the interest requirement for ☐ fine ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $2,793,880.78 due immediately, balance due

☐ not later than ____________________ , or
☐ in accordance ☐ C ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal __________ *(e.g., weekly, monthly, quarterly)* installments of $ ____________ over a period of _________ *(e.g., months or years)*, to commence _________ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal __________ *(e.g., weekly, monthly, quarterly)* installments of $ ____________ over a period of _________ *(e.g., months or years)*, to commence _________ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within __________ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

You must make monthly installment payments on any remaining balance of the special assessment or restitution at a rate and schedule recommended by the probation department and approved by the Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| Daquon Foreman, 25-cr-20399-02 | | $1,222,123.78 | |
| Vanessa Hargrove, 25-cr20399-03 | | $1,222,123.78 | |
| Crystal Jenkins, 25-cr-20399-04 | | $1,222,123.78 | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
*See next page.*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: Jaiswan Williams
CASE NUMBER: 0645 5:25-CR-20399-001

## ADDITIONAL FORFEITED PROPERTY

Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(2)(A), Defendant shall pay a $721,913.42 forfeiture money judgment to the United States and shall forfeit the following property:

- Nine (9) Miscellaneous jewelry (24-USP-000496): (1) One rose gold bracelet; (1) One clear stone necklace; (1) One gold and white Cartier sunglasses; (1) One clear round stone earrings; (1) one rose gold necklace and appraisal paperwork; (1) One Audemars Piguet watch with clear stones; (1) One rose gold Rolex watch; (1) One gold necklace with clear stones in the shape of 'C' and (1) One clear stone bracelet.

- Twenty-two (22) Miscellaneous shoes (24-USP-000497): (1) One tan Christian Louboutin shoes; (1) One black, white and red Balenciaga slip on shoes; (1) One black Louis Vuitton sneakers; (1) One grey Dior B30 sneaker; (1) One black Dior 900 sneakers; (1) One light brown Dior B22 sneakers; (1) One black and green Dior B30 sneakers; (1) One white Prada Calzature Uomo boots; (1) One black Moncler Apres Trail High boots; (1) One black Prada shoes; (1) One green/white/grey Dior B30 sneakers; (1) One silver/white/blue Dior B22 sneakers; (1) One black Balenciaga '45' shoes; (1) One black/grey Balenciaga '45' shoes; (1) One pink/black/white Dior B22 sneakers; (1) One black/grey Dior B30 sneakers; (1) One brown/tan/grey Dior B30 sneakers; (1) One black/blue Yeezy Boost 350 shoes; (1) One pink Balenciaga '45' sneakers; (1) One black Balenciaga '45' shoes covered in white writing; (1) One black Prada boots and (1) One black Christian Louboutin shoes covered in spikes.

The Preliminary Order of Forfeiture entered by the Court on March 31, 2026 (ECF No. 68) is incorporated by reference.